**UNITED STATES**

v.

**Sergeant Scott D. ORBACK, FR 430–27–3577, United States Air Force.**

**ACM 24834.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 March 1985.

Decided 5 Nov. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Captain Teresa J. Stremel, USAFR.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

The appellant was convicted, in accordance with his plea, by a general court-martial of the offense of carnal knowledge, in violation of Article 120, U.C.M.J., 10 U.S.C. § 920. The approved sentence extends to a bad conduct discharge, confinement for one year and one day, forfeiture of all pay and allowances, and reduction to the grade of airman basic.

The only claim presented to this Court by appellant is:

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO GRANT THE DEFENSE MOTION TO DISMISS FOR A VIOLATION OF R.C.M. 707.

Pursuant to R.C.M. 707, an accused shall be brought to trial within 120 days after notice to him or her of preferral of charges under R.C.M. 308 or the imposition of restraint under R.C.M. 304, which ever occurs first. The rule provides for dismissal of any affected charges for noncompliance upon timely motion made by the accused.

At trial, the appellant claimed that conditions were placed on his liberty before the charge was preferred against him. He further claimed that since the date the conditions were imposed on his liberty, 126 days

had elapsed before he was brought to trial. As a result, he contended R.C.M. 707 mandated dismissal of the charge against him. In answer to appellant's claim, trial counsel contended that there was no valid imposition of any pretrial restraint under R.C.M. 304, that the charge was preferred against the accused well within 120 days of trial as required by R.C.M. 707, and that the motion to dismiss should therefore be denied.

By way of stipulation the following facts were before the military judge at trial to assist him in his ruling on the motion. The appellant was interviewed by agents of the Office of Special Investigations (OSI) on 7 November 1984, concerning the offense for which he was tried. After that date but before 19 November 1984, appellant decided he would take leave the next month in the United States for a Christmas visit with his parents. On 19 November a letter was prepared by the base chief of security police and addressed to the base chief of personnel stating the appellant was the subject of an OSI Investigation and, as a result, was being placed on "Administrative Freeze." [1] Copies of this letter were sent to appellant's commander and to the base staff judge advocate. On that same date, Master Sergeant Manson, the Operating Location Chief, Detachment 1, 1367 Audiovisual Services Squadron,[2] the appellant's organization, informed appellant he was on "administrative freeze," meaning he could not leave England. Based upon the information provided by Sergeant Manson, appellant did not submit a request for leave to the United States during the 1984 Christmas holiday season. The charge against the appellant was preferred 12 February 1985; referred to trial on 21 February; and tried 25 March.

Before the military judge denied appellant's motion to dismiss for lack of a

---

1. The "Administrative Freeze" letter was used to comply with the provisions of Air Force Regulation 124–4, paragraph 4. It required the security police chief and the OSI to be notified of any pending transfer/discharge of appellant before the completion of the investigation against him. It also required any proposed leave request of

the appellant to be coordinated with those agencies.

2. The Commander, 1367 Audiovisual Services Squadron, was located at Royal Air Force, Lakenheath, and Detachment 1 of that squadron was located at Royal Air Force, Upper Heyford.

speedy trial he made certain findings of fact. These were:

(a) Nature of Restraint. First, in this case, was not such as to harm the accused's ability to prepare his defense. Second, the nature of the restraint appears to be that contemplated in Rule for Courts-Martial 304(h) (sic). (b) The Length of the Delay. Considering all factors in favor of the defense, the delay is 126 days, only six days over that set forth in Rule 707. (c) Reasons for the Delay. Though not fully set forth by the government, there appears to be no egregious delay in processing this case on the part of the government. The government appears to have proceeded with due diligence. (d) Request for speedy Trial. The Bench is not aware of one. (e) Prejudice to the Accused. This Bench can find none.

It is quite obvious the military judge considered many factors [3] not relevant to determine whether or not the speedy trial provisions of R.C.M. 707 were complied with on the part of the Government. As we see it, the key determinant of the issue is whether the "administrative freeze" procedures employed in this case constituted the imposition of pretrial restraint consisting of conditions on liberty as defined in R.C.M. 304(a)(1).

Conditions on liberty constituting pretrial restraint are imposed by orders directing a person to do or refrain from doing specified acts. R.C.M. 304(a)(1). According to R.C.M. 304, Discussion, such conditions may include *orders* to report at certain times to a stated official, *orders* not to go to a certain place, and *orders* not to associate with certain persons. R.C.M. 304 goes on to state that conditions on liberty may be imposed on any enlisted member by any commissioned officer, or by a noncommissioned officer authorized by the commanding officer to order the pretrial restraint of enlisted members of the command. The person being restrained by having condi-

tions placed on his or her liberty must be notified of its terms or limits orally or in writing. The order to an enlisted member must be delivered personally by the authority issuing it or by another person subject to the code.

 It is our view that the pretrial restraint of conditions on liberty was not imposed upon appellant. The "administrative freeze" letter of 19 November 1984 from the base chief of security police to the base chief of personnel was not an order directed to the appellant notifying him of the terms or limits of any restraint. R.C.M. 304(d). Instead, it was a notice to personnel authorities that no official administrative or personnel actions should be taken regarding the appellant during the pendency of the criminal investigation against him without prior coordination with base police authorities. A.F.R. 124-4, paragraph 4. Nor do we find the erroneous statement made by Sergeant Manson that the appellant was on "administrative freeze," meaning he would not be allowed to leave England, to be the imposition of conditions on liberty of the appellant. Sergeant Manson was not an officer authorized to order an enlisted person into pretrial restraint nor was he delegated such authority by his commander. The imposition of the pretrial restraint of conditions on liberty as set forth in R.C.M. 304 simply did not occur. Therefore, the military judge did not err to the substantial prejudice of the appellant when he denied appellant's motion to dismiss the charge for lack of speedy trial.[4]

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

MURDOCK, Judge and O'HAIR, Judge, concur.

---

**3.** See *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

**4.** The military judge's ultimate conclusion was correct in spite of his factual findings regarding the motion to dismiss.